# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| GLENN COOK, | ) | NO. 71213-6-I |
| | ) | |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| KING COUNTY, a Washington county, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: March 9, 2015 |
| | ) | |

LAU, J. — Glenn Cook appeals the trial court's denial of his administrative appeal under the Land Use Petition Act (LUPA), chapter 36.70C RCW. In 2008, King County issued Cook a notice and order involving violations of various health, building, and environmental land use laws on real property owned by Cook. Cook appealed the violations to a King County hearing examiner, who denied his appeal after five years of continuances. Because Cook has failed to sustain his burden of proving that the hearing examiner's decision should be reversed on any of the grounds enumerated in RCW 36.70C.130(1), we affirm.

## FACTS

On February 26, 2008, the King County Department of Development and Environmental Services (now the Department of Permitting and Environmental Review, or "DPER") issued to Glenn Cook an administrative notice and order regarding several civil code violations occurring on a parcel of land Cook owns in unincorporated King County. These violations included (paraphrasing):

1. Construction of a residence within an environmentally critical area (floodplain) without the required permits.

2. Placement of an accessory structure within an environmentally critical area without required permits.

3. Placement of a commercial coach (RV) within an environmentally critical area without the required permits.

4. Accumulation of rubbish, salvage, and debris.

5. Occupancy of a substandard dwelling.

6. Clearing and/or grading in an environmentally critical area without required permits.

7. Establishment of use (aircraft runway) not allowed in the zone.

8. Placement of structures and storage of recreational vehicles within environmentally critical area.

The notice provided directions for bringing the property into compliance and listed the various civil fines to be imposed should Cook fail to do so. The notice also provided directions to appeal the violations to the DPER. Cook timely appealed to the DPER on March 19, 2008.

According to the hearing examiner reviewing Cook's appeal, what followed was "five years of fruitless delay and bureaucratic buffoonery." After Cook filed his appeal,

he moved for a stay and continuance pending several preliminary actions, including various permit applications. Cook's main justification for the continuance, however, was the pending completion of an appeal before the Federal Emergency Management Agency (FEMA) requesting that the agency reclassify the Cook property and surrounding land as a "floodplain" rather than a "floodway."[1] Cook's FEMA appeal provided the grounds for several continuances, delaying the hearing until May 2013. The hearing examiner found no evidence that FEMA ever addressed or even received Cook's alleged appeal.[2]

On May 7, 2013, a hearing examiner considered Cook's appeal. The hearing examiner noted that Cook did not dispute that the residence, accessory structures, and commercial coach (RV) existed on the property without the required permits. Further, the most recent county mapping at the time showed that Cook's property existed in an environmentally critical area. Cook also admitted that he regularly occupied the RV on his property for approximately 15 years. Following the hearing, the hearing examiner

---

[1] "Floodway" and "floodplain" are specific land designations with different regulatory consequences not relevant to this appeal. Floodways are more severely affected by flooding and therefore little development is allowed. Some of the violations the DPER imposed on Cook arose from his property existing within an area designated as a floodway.

[2] The hearing examiner explained, "While waiting for the FEMA appeal process to be completed has supplied the primary pretext for a five-year delay of the current code enforcement appeal, there is nary a scrap of documentary evidence within the record indicating that FEMA either has taken any action on this appeal or even acknowledged receiving it. The customary routine for this phantom bureaucratic charade appears to have been for the prior Hearing Examiner to schedule a proceeding for receipt of an updated report on the status of the FEMA appeal, usually via some sort of telephone status conference, then for the conference to be postponed for months through various continuance requests based on calendaring inconvenience, with [Cook's] attorney ultimately reporting in empty-handed, at which point the dutiful Examiner undertook to simply to start the process all over again."

granted Cook's appeal as to portions of violations 6 and 7. The hearing examiner also found that Cook rectified violation 4. But the hearing examiner denied Cook's appeal as to the remaining violations—1, 2, 3, 5, and 8. The hearing examiner ordered Cook to complete permit applications for all of the illegal structures on his property by July 19, 2013.

On June 3, 2013, Cook appealed the hearing examiner's decision to King County Superior Court under LUPA, chapter 36.70C RCW. Cook argued (1) that he could not practicably complete all of the required permits prior to the deadline set by the hearing examiner, (2) that the hearing examiner abused his discretion and acted arbitrarily and capriciously by requiring the permits under such unreasonable deadlines, and (3) that the hearing examiner's decision was unsupported by substantial evidence and legally erroneous. Cook also continued to assert that FEMA's mapping of the area was not complete. The trial court upheld the hearing examiner's decision, finding that Cook failed to sustain his burden of showing the decision was unsupported by substantial evidence or clearly erroneous under any of the provisions of LUPA, RCW 36.70C.130(1). Cook appeals.

ANALYSIS

Standard of Review

LUPA governs appeals of DPER decisions. Under LUPA, the petitioning party—Cook—must establish that one of the standards in RCW 36.70C.130(1) is met:

> (a) The body or officer that made the land use decision engaged in unlawful procedure or failed to follow a prescribed process, unless the error was harmless;

(b) The land use decision is an erroneous interpretation of the law, after allowing for such deference as is due the construction of a law by a local jurisdiction with expertise;

(c) The land use decision is not supported by evidence that is substantial when viewed in light of the whole record before the court;

(d) The land use decision is a clearly erroneous application of the law to the facts;

(e) The land use decision is outside the authority or jurisdiction of the body or officer making the decision; or

(f) The land use decision violates the constitutional rights of the party seeking relief.

RCW 36.70C.130(1).

We review a challenge to the sufficiency of the evidence under the substantial evidence standard, viewing the evidence and reasonable inferences in the light most favorable to the prevailing party in the highest forum that exercised fact-finding authority. We review application of the law to the facts under the clearly erroneous standard, reversing only when, after considering the entire record, we are firmly convinced the administrative body erred.

Rosema v. City of Seattle, 166 Wn. App. 293, 298, 269 P.3d 393 (2012) (footnotes omitted). Because the County prevailed at the administrative hearing, we view all facts and reasonable inferences in the light most favorable to the County.

The Hearing Examiner's Decision

We affirm the trial court's denial of Cook's LUPA appeal because he failed to show that any of the applicable standards under RCW 36.70C.130(1) warranting relief are met. Cook's appellate brief fails to cite any authority requiring a reversal in his favor. Further, the hearing examiner's factual findings are supported by substantial evidence and his legal conclusions are not clearly erroneous.

First, we note that Cook's appellate brief completely fails to address the central issue of this appeal—whether any of the applicable standards under RCW 36.70C.130(1) are satisfied. Cook fails to cite any factual finding in the record that is

unsupported by substantial evidence. He fails to cite any part of the record that would even support an inference that the hearing examiner's factual findings are inadequate. Cook fails to cite any authority indicating the hearing examiner's decision was contrary to law, let alone that the decision was "clearly erroneous" under RCW 36.70C.130(1)(d). Indeed, Cook cites two cases in his entire appellate brief, and he does so only to establish the standard of review (which he mistakenly identifies as an abuse of discretion standard).[3] Cook even fails to cite the statute governing this appeal—RCW 36.70C.130. As explained above, to succeed on appeal, Cook must show which standard under RCW 36.70C.130(1) is satisfied. But Cook has failed to identify which of the standards listed under that provision are relevant to this case.

Arguably, Cook's appeal could be dismissed for inadequate briefing. RAP 10.3(a)(6); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (argument unsupported by reference to the record or citation to authority will not be considered). "We will not consider an inadequately briefed argument." Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011); See also DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none."); Orwick v. City of Seattle, 103 Wn.2d 249, 256, 692 P.2d 793 (1984) ("It is not the function of trial or appellate courts to do counsel's thinking and briefing.").

---

[3] Cook mistakenly cites Hizey v. Carpenter, 119 Wn.2d 251, 830 P.2d 646 (1992), to support the proposition that this court should review the hearing examiner's decision for an abuse of discretion. Br. of Appellant at 6. But as explained above, the standard of review for LUPA appeals is governed by RCW 36.70C.130.

But in any event, we conclude that the hearing examiner's factual findings are supported by substantial evidence and that his application of law to those facts was not clearly erroneous under RCW 36.70C.130.

We note that Cook failed to assign error to any of the hearing examiner's factual findings, so those findings are verities on appeal. Rosema, 166 Wn. App. 298. Regardless, those findings are supported by substantial evidence. Photographs collected by King County show the allegedly illegal structures in question existed on Cook's property. The most recent King County maps at the time of the hearing showed that Cook's property existed in an area designated as both a floodplain and a floodway. The mapping also showed that Cook's property existed within Shoreline jurisdiction—an environmentally critical area under King County regulation. Cook never disputed that he lacked the required permits for the structures on his property. Cook also admitted that he had regularly occupied the RV on his property for nearly 15 years. Therefore, viewing the record in the light most favorable to the County, we conclude substantial evidence supports the hearing examiner's factual findings. Rosema, 166 Wn. App. 298.

The record also shows the hearing examiner's application of law to these facts was not clearly erroneous. RCW 36.70C.130(1). As explained above, of the eight violations Cook received, the hearing examiner denied Cook's appeal as to violations 1, 2, 3, 5, and 8. Violations 1, 2, 3, and 8 are similar in that they impose a penalty for (1) building or using various structures (2) in an environmentally critical area (3) without the required permit. It was undisputed that the structures existed on Cook's property. It was also undisputed that Cook lacked the required permits for these structures. Finally, King County environmental mapping showed that Cook's property existed within an

environmentally critical area. Violation 5 imposes a penalty for occupying a substandard dwelling. Cook admitted he occupied the RV on his property, which is inherently a substandard dwelling under King County regulations. Under these circumstances, the hearing examiner's order denying Cook's appeal as to these violations was not clearly erroneous. RCW 36.70C.130(1).

The thrust of Cook's appeal seems to be that the hearing examiner erred by failing to give him enough time to bring his property in compliance with the violations he received. But as explained above, Cook cites no legal authority supporting his argument that the deadline set by the hearing examiner is legally erroneous. See DeHeer, 60 Wn.2d at 126. Further, we note that as of this appeal, it has been nearly seven years since Cook first received the notice and order from DPER containing the violations and directions to bring his property in compliance. Finally, under RCW 36.70C.130, we only reverse the decision of an administrative body when, "after considering the entire record, we are firmly convinced the administrative body erred." Rosema, 166 Wn. App. 298. We remain unconvinced.

Cook also assigns error to a different administrative ruling denying his motion to reconsider. But because Cook failed to dispute this separate ruling at the superior court, we decline to address it here. RAP 2.5(a); Mangat v. Snohomish County, 176 Wn. App. 324, 334, 308 P.3d 786 (2013). In any event, because the hearing examiner did not err when it denied Cook's appeal, denying Cook's motion to reconsider was proper. RCW 36.70C.130(1).

## CONCLUSION

Because Cook has failed to carry his burden under RCW 36.70C.130(1) by showing that the hearing examiner's order was erroneous, we affirm the trial court's order denying Cook's appeal of land use violations.

WE CONCUR: