[No. 36009.    Department One.    June 14, 1962.]

CORNELIS DEHEER *et al., Appellants,* v. THE SEATTLE POST-INTELLIGENCER *et al., Respondents.*\*

*\*Reported in 372 P. (2d) 193.

*Durham & Guimont*, for appellants.

*Clarke, Clarke, Albertson & Bovingdon*, for respondents.

ROSELLINI, J.—In this case the plaintiff wife, who will be referred to herein as the plaintiff, a patron of the Home Show conducted by the defendants at the National Guard Armory, Seattle, fell and was injured as she was descending a flight of stairs on her way out of the building. This was one of two flights of stairs which patrons were invited to use and which were the main exits from the display room.

The plaintiff and her companions had observed that the floor and stairs were littered with debris dropped by other patrons, and that a janitor was in the process of sweeping the stairs. The plaintiff's daughter called her attention to the litter on the floor and cautioned her to be careful. It was the plaintiff's testimony that she did descend slowly and carefully, but that as she rounded a turn in the stairs, it was necessary for her to take her hand off the handrail because it was out of reach, and at that point she slipped on a piece of paper and fell.

The cause was tried to a jury, which returned a verdict for the plaintiff. A motion for judgment notwithstanding the verdict was granted, the court holding that, as a matter of law, the plaintiff had assumed the risk of injury. In appealing from that judgment, the plaintiff draws our attention to the well-established rule that in ruling on a motion for judgment n.o.v., the trial court must give to the prevailing party the benefit of all evidence and reasonable inferences from evidence favorable to his cause.

It is not disputed that the plaintiff was a business invitee. She had purchased a ticket to the show and had a contractual right to be upon the premises. In this jurisdiction, it is the duty of a proprietor to exercise reasonable care to maintain in a safe condition such portions of his premises as he invites the public to use for the purposes

124

of the owner's or proprietor's business therein. *Buttnick v. J. & M., Inc.,* 186 Wash. 658, 59 P. (2d) 750.

In the cited case, the plaintiff, a patron of a restaurant, fell on a stairway leading from the restaurant to a street. The evidence showed that while the stairway was not a main entrance, it was customarily used by patrons, as well as by employees of the restaurant. We held that it was for the jury to determine whether the proprietor had exercised reasonable care to maintain the premises in a safe condition for its patrons and further said:

"On the issue of contributory negligence, the evidence was that the appellant had proceeded through the door and down the stairway in the ordinary manner followed by customers. Whether he saw, or in the exercise of reasonable care should have seen, the fatty substance on the stairway, and whether the care used by him in stepping down was, under the circumstances, the exercise of reasonable care, were also questions of fact for the jury to determine."

The case is very similar to the present case. In this case, there is the added fact that the plaintiff had attended previous home shows and knew that patrons habitually dropped debris on the floor, and knew that there was debris on the stairway. For these reasons, the defendants say, she assumed the risk of falling and injuring herself.

Upon the question of voluntary exposure to risk as a defense, 4 Restatement, Torts § 893, p. 491, states the rule as follows:

"A person who knows that another has created a danger or is doing a dangerous act or that the land or chattels of another are dangerous, and who nevertheless chooses to enter upon or to remain within or permit his things to remain within the area of risk is not entitled to recover for harm unintentionally caused to him or his things by the other's conduct or by the condition of the premises, *except where the other's conduct constitutes a breach of duty to him or to a third person and has created a situation in which it is reasonably necessary to undergo a risk in order to protect a right or avert a harm.*" (Italics ours.)

In commenting upon the italicized portion, the authors remark:

"Where the defendant's wrongful conduct has made

necessary a choice of alternatives, a person may knowingly enter or remain in an area or vehicle made dangerous by such conduct not because he is desirous of doing so but because he chooses to enter or to remain as an alternative to refraining from exercising a right, suffering a harm to himself or causing harm to a third person. If the defendant was under no duty either to the plaintiff or to a third person to remove the source of danger or to stop acting dangerously, the fact that the plaintiff encountered the danger in protecting some right or interest of his own or of a third person does not subject the defendant to liability for harm resulting from the danger. . . . On the other hand where the defendant had no right to act dangerously or to maintain a dangerous condition after knowledge of it by the plaintiff, the fact that the plaintiff chooses to subject himself to a known risk does not necessarily bar him from recovery. . . . one who has a right that a landowner shall not only notify him of dangerous defects in the land but also shall maintain the premises in a safe condition for his use, may be entitled to recover from the landowner for harm caused by a defective condition even though he is aware of it . . . since otherwise he might be prevented from exercising his right of using the premises. . . . In . . . such cases the risk has not been voluntarily assumed by the plaintiff; it has been thrust upon him. Either the defendant was negligent with respect to the plaintiff in view of a situation in which the plaintiff had properly placed himself, or the defendant was otherwise tortious in creating a situation in which it was necessary for the plaintiff to take such a risk in order to protect an interest of his own or that of a third person against the consequences of the defendant's conduct.

"If, however, the plaintiff in making his choice, adopts a course of conduct which would not have been adopted by a reasonably prudent man in light of the alternative open to him, he may be barred from recovery. This is a form of contributory negligence which has been frequently called 'voluntary assumption of risk.' . . ."

■ If the plaintiff in this action was entitled to recover at all, it was because of the wrongful conduct of the defendants in failing to keep the premises reasonably safe for her use; because she was not negligent in attending the show, and in using the stairway, even though she knew that there was litter upon it; and because she used the care

which a reasonably prudent person would use in descending the stairs. There was no evidence that the other flight of stairs was free from litter or in any respect safer than the flight used by the plaintiff.

Whether these were the facts, was a question for the jury. There was evidence which would justify the jury in finding that the defendants did not exercise the requisite degree of care in keeping the premises clean; and there was also evidence which would justify the jury in finding that the plaintiff, in using the stairs, acted as a person of ordinary prudence would have acted under the circumstances. It was error, therefore, for the trial court to hold that, as a matter of law, she had voluntarily assumed the risk of the harm that befell her, and to set aside the verdict of the jury.

The defendants contend that if the judgment notwithstanding the verdict is reversed, a new trial should be granted, because of the erroneous refusal of certain of their requested instructions. They cite no authorities supporting the correctness of their requested instructions.

The Supreme Court will not consider an assignment of error where there is no argument in the brief in support thereof. *Johnson Ser. Co. v. Roush,* 57 Wn. (2d) 80, 355 P. (2d) 815. Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none. Courts ordinarily will not give consideration to such errors unless it is apparent without further research that the assignments of error presented are well taken. 5 C. J. S. § 1325, p. 342. In this case, none of the assignments of error in regard to the refusing of instructions appear on their surface to be well taken. Some of the statements of law contained in the requested instructions are patently correct; but we find that they were adequately covered by the instructions given.

The judgment is reversed and the cause remanded, with instructions to enter judgment on the verdict.

FINLEY, C. J., HILL, WEAVER, and FOSTER, JJ., concur.

---

September 25, 1962. Petition for rehearing denied.