# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| DENNIS GASTON, | No. 50338-7-II |
| Appellant, | |
| v. | |
| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS, | UNPUBLISHED OPINION |
| Respondent. | |

SUTTON, J. — Dennis Gaston appeals the superior court's order dismissing his Public Records Act (PRA)[1] claim against the Department of Corrections (Department). Gaston argues that the superior court erred by concluding that the prison surveillance videos he requested were exempt from disclosure under the specific intelligence information exemption, RCW 42.56.240. Under *Fischer v. Department of Corrections*, 160 Wn. App. 722, 727-28, 254 P.3d 824 (2011), and *Gronquist v. Department of Corrections*, 177 Wn. App. 389, 313 P.3d 416 (2013), the requested prison surveillance videos were exempt from disclosure under the PRA. Therefore, the superior court properly concluded that the Department did not violate the PRA by withholding the jail surveillance videos.

Gaston also argues that his status as a non-inmate is relevant to determining whether the requested prison surveillance videos are exempt. And Gaston argues that the Department waived its ability to claim an exemption for the videos by using the videos as part of a criminal prosecution.

---

[1] Ch. 42.56 RCW.

Finally, Gaston argues that the superior court erred by failing to consider releasing the requested prison surveillance videos subject to a protective order. These arguments lack merit. Accordingly, we affirm.

## FACTS

When Gaston was an inmate in Coyote Ridge Corrections Center, he was assaulted by another inmate. After his release, Gaston filed a PRA request for documents relating to the assault. The Department responded by disclosing numerous documents. However, the Department did not disclose surveillance videos of Gaston's assault, asserting that the surveillance videos were exempt from disclosure under the specific intelligence information exemption, RCW 42.56.240(1) and *Fischer*. CP 52; PDF 53.

Gaston filed a PRA claim against the Department asserting that the Department violated the PRA by refusing to disclose the surveillance videos. The superior court concluded that the Department did not violate the PRA by withholding the surveillance videos under the specific intelligence information exemption and under *Fischer* and *Gronquist*. Therefore, the superior court denied the request to produce the surveillance videos and dismissed Gaston's PRA action. Gaston appeals.

## ANALYSIS

### I. SPECIFIC INTELLIGENCE INFORMATION EXEMPTION

#### A. LEGAL PRINCIPLES

We review challenges to an agency action under the PRA de novo. RCW 42.56.550(3); *Resident Action Council v. Seattle Hous. Auth.*, 177 Wn.2d 417, 428, 327 P.3d 600 (2013). "Where the record consists only of affidavits, memoranda of law, and other documentary evidence, an

appellate court stands in the same position as the trial court in reviewing agency action challenged under the PRA." *Robbins, Geller, Rudman & Dowd, LLP v. Office of the Attorney Gen.*, 179 Wn. App. 711, 719-20, 328 P.3d 905 (2014).

The PRA mandates the broad disclosure of public records. *Resident Action Council*, 177 Wn.2d at 431. RCW 42.56.030 expressly requires that the PRA be "liberally construed and its exemptions narrowly construed . . . to assure that the public interest will be fully protected." When evaluating a PRA claim, we must "take into account the policy of this chapter that free and open examination of public records is in the public interest, even though such examination may cause inconvenience or embarrassment to public officials or others." RCW 42.56.550(3). Under RCW 42.56.070(1), a government agency must disclose public records upon request unless a specific exemption in the PRA applies or some other statute applies that exempts or prohibits disclosure of specific information or records. *Ameriquest Mortg. Co. v. Office of the Attorney Gen.*, 177 Wn.2d 467, 485-86, 300 P.3d 799 (2013). The agency claiming the exemption bears the burden of proving that the withheld records are within the scope of the exemption. *Resident Action Council*, 177 Wn.2d at 428.

B. JAIL SURVEILLANCE VIDEOS ARE EXEMPT

Gaston argues that the superior court erred by concluding that the Department properly withheld the prison surveillance videos. Under *Fischer* and *Gronquist*, the superior court properly concluded that the prison surveillance videos were exempt. Therefore, the superior court did not err.

3

The specific intelligence information exemption, RCW 42.56.240(1), states,

> The following investigative, law enforcement, and crime victim information is exempt from public inspection and copying under this chapter:
>
> (1) Specific intelligence information and specific investigative records compiled by investigative, law enforcement, and penology agencies, and state agencies vested with the responsibility to discipline members of any profession, the nondisclosure of which is essential to effective law enforcement or for the protection of any person's right to privacy.

In *Fischer*, Division One of this court held that prison surveillance videos were exempt from disclosure under the specific intelligence information exemption because intelligence information provided by video surveillance systems falls squarely within the core definitions of law enforcement and "[c]oncealment of the full recording capabilities of those systems is critical to [the Department's] effectiveness in the specific setting of a prison." 160 Wn. App. at 728. In *Gronquist*, we adopted Division One's holding in *Fischer* and affirmed a superior court's order concluding that prison surveillance videos were exempt from disclosure under the specific intelligence information exemption. 177 Wn. App. at 400-01.

*Fishcer* and *Gronquist* clearly hold that prison surveillance videos are exempt from disclosure under the PRA. Therefore, the superior court properly concluded that the Department was entitled to withhold the prison surveillance videos. Accordingly, the superior court did not err.[2]

---

[2] We note that our decision in this case is limited to the Department's duty to disclose the prison surveillance videos under the PRA. We make no decision regarding the Department's obligations under the civil discovery rules.

## II. IDENTITY OF REQUESTER

Gaston argues that *Fischer* and *Gronquist* do not apply here because he is not currently an inmate in Coyote Ridge Correctional Center, he is not a pro se requester, and he is a victim of the assault that is the subject of certain surveillance videos. However, with a few, very specific, limited exceptions, the status of the requester and the purpose of the request may not be considered when determining whether to grant or deny a PRA request. Therefore, the superior court did not err by refusing to consider Gaston's status when determining whether to apply *Fischer* and *Gronquist*.

Gaston's arguments are completely contrary to the PRA's explicit prohibition against distinguishing between records requestors and the prohibition against the State agencies requesting information regarding the purpose of the request. RCW 42.56.080 states,

> Agencies shall not distinguish among persons requesting records, and such persons shall not be required to provide information as to the purpose for the request except to establish whether inspection and copying would violate RCW 42.56.070(9)[, the commercial purposes exemption,] or 42.56.240(14)[, regarding body worn cameras,] or other statute which exempts or prohibits disclosure of specific information or records to certain persons.

Therefore, the Department cannot be required to consider the identity of a requester or the reasons for the request in order to determine whether to disclose records. Accordingly, Gaston's argument lacks merit.

## III. WAIVER

Gaston argues that the Department has waived its claim that the prison surveillance videos are exempt from disclosure because certain surveillance videos were utilized during the criminal prosecution of the inmate who assaulted Gaston, he and his wife viewed the videos, and the

Department released the recordings to the third party prosecutor in that case. However, this argument fails. Nothing in the use of the surveillance videos in criminal prosecution prevents the Department from successfully claiming that the jail surveillance videos that are responsive to Gaston's public records request are exempt from disclosure.

Gaston bases a significant portion of his argument on his assertion that the surveillance videos were played in open court and therefore, accessible to be viewed by the public. The only information in the record regarding the disclosure of the videos comes from Gaston's declaration which states,

> The records that I am trying to get were disclosed for viewing to me, my wife, the prosecutor, and at least the attorney for [the defendant], saw the four recordings of the assault on me.

Clerk's Papers (CP) at 69. *Fischer* explicitly rejected the argument that, because prison surveillance videos could be viewed by the general public, they were no longer exempt under the specific intelligence information exemption. 160 Wn. App. at 727.

Although here, Gaston saw actual video recordings rather than real-time images, much of the same reasoning applies. Allowing limited members of the public to view a recording may reveal some information about which cameras are recording and when. However, it still does not reveal information about monitoring, camera control, or whether cameras are recording. Therefore, providing limited access to view video recordings in a situation such as preparing for criminal prosecution, should not preclude the Department from claiming prison surveillance videos are exempt from disclosure in a public records request.

Gaston cites to *Bainbridge Island Police Guild v. City of Puyallup*, 172 Wn.2d 398, 259 P.3d 190 (2011), to support his waiver argument. But *Bainbridge Island Police Guild* addresses

the waiver of an individual's right of privacy, not an agency's waiver of an important government interest. 172 Wn.2d at 409-10. And even if *Bainbridge Island Police Guild* were relevant to determining whether an agency can waive its government interest, the agency's action must be inconsistent with the interest protected by the claimed exemption. *Bainbridge Island Police Guild*, 172 Wn.2d at 410.

As *Fischer* explains, allowing limited viewing of prison surveillance videos is not inconsistent with claiming nondisclosure of the videos themselves. 160 Wn. App. at 727. And in *Bainbridge Island Police Guild*, the court held that the "failure to object to a single public records request is only a relinquishment of the right to prevent that specific production. It is not an intentional and voluntary relinquishment of a person's right to privacy regarding all future requests for that document." 172 Wn.2d at 410. Based on the court's reasoning in *Bainbridge Island Police Guild*, allowing the prosecutor to utilize select video recordings in a single criminal prosecution would not prevent the Department from claiming a relevant exemption in future requests to disclose those recordings. Therefore, Gaston's reliance on *Bainbridge Island Police Guild* is misplaced.

## IV. PROTECTIVE ORDER

Gaston also argues that the superior court erred by failing to consider disclosing the surveillance videos under a protective order to alleviate concerns regarding the dissemination of the surveillance videos. However, Gaston has cited no authority for the proposition that the superior court is required to consider releasing otherwise exempt documents under conditions such as a protective order. "Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found

7

none." *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962). Therefore, we do not entertain Gaston's argument that the superior court should have considered releasing the surveillance videos under a protective order.

## ATTORNEY FEES

Gaston requests attorney fees on appeal under RAP 18.1 and RCW 42.56.550(4). RCW 42.56.550(4) allows any party who prevails in a PRA action to recover reasonable attorney fees. Here, the superior court did not err by concluding that the prison surveillance videos were exempted records and dismissing Gaston's PRA claim. Therefore, Gaston is not the prevailing party and his request for attorney fees is denied.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

WORSWICK, P.J.

BJORGEN, J.