# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

STATE OF WASHINGTON,

               Respondent,

v.

JAMES ARTIS CASON,

               Appellant.

No. 78026-3-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: November 12, 2019

LEACH, J. — James Artis Cason appeals the trial court's denial of his request for reimbursement of government benefits he lost while jailed waiting for trial. For the first time on appeal, he challenges the inquiry the trial court made into the seriousness of Cason's criminal conduct related to the charged crime for which the jury found him not guilty. Because this challenge does not fall within a recognized exception to the general rule preventing a party from raising a claim for the first time on appeal, we decline to consider it and affirm.

## BACKGROUND

The State charged James Cason with first degree assault. The jury acquitted him. The jury then returned a special verdict, finding that Cason proved "by a preponderance of the evidence that the use of force was lawful" and

that he "engaged in criminal conduct substantially related to the events giving rise to the crime with which [he] was charged."

Cason later requested reimbursement under RCW 9A.16.110 for Social Security disability benefits that he lost while jailed before trial. At a hearing on this request, Cason and the State discussed with the judge whether or not Cason's Social Security benefits could be considered under the "loss of time" language included in the reimbursement statute, RCW 9A.16.110.

The defense attorney stated, "[F]irst, I'll say [Cason's] conduct in using illegal narcotics does meet the definition of illegal conduct that was substantially related to the need for his lawful force." He also briefly discussed how drug use is a common affliction in our state and country and "the legislature's intent is that people who are otherwise not doing things that would incur violence should be reimbursed if they use lawful force."

The judge then analyzed how to use her discretion to decide whether to award reimbursement to Cason:

> [H]ow do I make the determination really of the seriousness of the criminal conduct? [W]e're identifying the use of crack cocaine and the provision of crack cocaine as the criminal conduct that's substantially related to the events giving rise to the charges—because . . . that's what the jury found, [because] had they not gotten together to smoke crack, he wouldn't have been in the position to stab her or feel the need to stab her; right?

The court denied Cason's reimbursement request, noting that "but for Mr. Cason smoking crack cocaine with the alleged victim in his motel room, the

events giving rise to these charges would not have occurred. The jury so found." Cason appeals.

## ANALYSIS

Cason claims that the trial court erred in denying reimbursement because the jury did not specify which criminal conduct of Cason presented at trial gave rise to the need for him to act in self-defense. And he claims that the court could not consider the seriousness of Cason's initial criminal conduct without knowing exactly what that conduct was.

RCW 9A.16.110 requires the State to reimburse a defendant who has been found not guilty by reason of self-defense:

> [T]he state of Washington shall reimburse the defendant for all reasonable costs, including loss of time, legal fees incurred, and other expenses involved in his or her defense.

> [I]f the trier of fact also determines that the defendant was engaged in criminal conduct substantially related to the events giving rise to the charges filed against the defendant[,] the judge may deny or reduce the amount of the award. In determining the amount of the award, the judge shall also consider the seriousness of the initial criminal conduct.

During the hearing about reimbursement, Cason never claimed that RCW 9A.16.110 requires that the jury specify what criminal conduct by Cason was substantially related to the events giving rise to the charges filed against him before the trial court had discretion to deny his reimbursement request.[1] Also,

---

[1] We note that RCW 9A.16.110 does not require that the fact finder identify a particular crime; it requires only a finding "that the defendant was engaged in criminal conduct substantially related to the events giving rise to the charges filed against the defendant."

-3-

Cason never claimed to the trial judge that she did not consider the seriousness of his admitted initial criminal conduct, providing his assailant with crack cocaine and smoking it with her. Generally, we will not consider issues raised for the first time on appeal unless an exception applies, like manifest error affecting a constitutional right.[2] Cason did not raise either issue below. Neither fits within an exception to the rule barring review of a claim not raised in the trial court. So we decline to review these two issues.

Cason also claims drug use is not a sufficiently serious criminal activity to deny reimbursement of critical disability benefits under RCW 9A.16.110. But he identifies no legal authority supporting this claim. "'Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.'"[3] Because Cason provides no authorities in support of his proposition, we decline to consider this argument.[4]

CONCLUSION

Because Cason did not raise the first two issues below and because he provides no authority supporting his assertion that drug use is not sufficiently

---

[2] RAP 2.5(a); State v. McFarland, 127 Wn.2d 322, 332-33, 899 P.2d 1251 (1995).

[3] State v. Logan, 102 Wn. App. 907, 911 n.1, 10 P.3d 504 (2000) (quoting DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962)).

[4] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (stating that where an appellant provides no authorities in support of his or her proposition, this court need not consider his or her argument).

serious criminal activity to deny reimbursement, we decline to review any of these issues. We affirm.

_____

WE CONCUR:

_____    _____