IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 38553-1-III |
| | ) | |
| DANIEL MATTHEW MANCOFF, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| AMANDA LYNNE RAMSEY, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Amanda Lynne Ramsey appeals a final divorce order, restraining order, and parenting plan. The orders place Ms. Ramsey's daughter, P.R., in the primary residential care of P.R.'s father, Daniel Matthew Mancoff. The orders also restrict Ms. Ramsey from having contact with P.R. until recommended by Ms. Ramsey's therapist. We affirm.

FACTS

Amanda Ramsey and Daniel Mancoff's relationship ended when Ms. Ramsey filed for a domestic violence protection order alleging Mr. Mancoff sexually and physically abused their daughter, P.R. Both Mr. Mancoff and P.R. consistently denied Ms. Ramsey's accusations, resulting in Mr. Mancoff filing for divorce and seeking sole custody of P.R. The trial court appointed a guardian ad litem (GAL) to investigate Ms. Ramsey's accusations, and Mr. Mancoff's accusations that Ms. Ramsey was mentally ill.

The GAL found no basis for Ms. Ramsey's accusations and recommended she enter therapy. The GAL and various fact witnesses who had personally interacted with Ms. Ramsey found her to be an inconsistent and sometimes incredible storyteller.

At the dissolution trial, Mr. Mancoff presented extensive evidence of Ms. Ramsey's postseparation emotional abuse of P.R. While Ms. Ramsey disputed this evidence, the trial court found Ms. Ramsey not credible and that she had committed "repeated [acts of] emotional abuse" against P.R. Clerk's Papers (CP) at 2188. Based on these repeated acts of emotional abuse, Ms. Ramsey's long-term emotional deficiencies, and her abusive use of conflict, the court awarded Mr. Mancoff sole custody of P.R. and suspended visitation for Ms. Ramsey until it was recommended by a therapist.

Ms. Ramsey timely appeals. A Division Three panel considered Ms. Ramsey's appeal without oral argument after receipt of an administrative transfer of the case from Division Two.

ANALYSIS

*Credibility finding*

Ms. Ramsey challenges the trial court's adverse credibility determination, claiming it was unsupported by the evidence at trial. Mr. Mancoff answers that a trier of fact's credibility determinations are not reviewable on appeal. We agree with Mr. Mancoff.

2

This court reviews the factual findings of a trial court in a bench trial for substantial evidence. *State v. Homan*, 181 Wn.2d 102, 105-06, 330 P.3d 182 (2014). "'Substantial evidence' is evidence sufficient to persuade a fair-minded person of the truth of the matter asserted." *In re Marriage of Chandola*, 180 Wn.2d 632, 642, 327 P.3d 644 (2014). "[T]his court must defer to the finder of fact in resolving conflicting evidence and credibility determinations." *State v. N.B.*, 7 Wn. App. 2d 831, 837, 436 P.3d 358 (2019).

A credibility assessment is not a fact. Credibility can be undermined by various factors, such as demeanor and nonsubstantive impeachment evidence. Because an adverse credibility determination is not a factual finding, it need not be justified by substantial evidence. Ms. Ramsey fails to point to any authority showing otherwise. *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none."). We reject Ms. Ramsey's challenge to the trial court's credibility assessment.

## Pattern of emotional abuse

Ms. Ramsey contends the trial court abused its discretion by applying the wrong legal standard when it suspended her residential time because she repeatedly inflicted

emotional abuse on P.R. Ms. Ramsey points out that under the statute, the mandatory

restriction on residential time requires a finding of a "*pattern* of emotional abuse."

RCW 26.09.191(2)(a)(ii) (emphasis added). The statute does not use the word "repeated."

Mr. Mancoff responds that "pattern" and "repeated" mean the same thing. We disagree

with Mr. Mancoff's linguistic analysis. Nevertheless, we uphold the trial court's

restriction.

"The trial court's review of a matter concerning the rights of custody and visitation

will not be disturbed absent an abuse of discretion." *In re Marriage of Chua*, 149 Wn.

App. 147, 153, 202 P.3d 367 (2009). "A court abuses its discretion where the court

applies an incorrect standard, the record does not support the court's findings, or the facts

do not meet the requirements of the correct standard." *In re Marriage of Kim*, 179 Wn.

App. 232, 240, 317 P.3d 555 (2014).

The phrase "pattern of emotional abuse" is not defined by the statute. According to

the dictionary definition, "repeated" means "renewed or recurring again and again:

CONSTANT, FREQUENT." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1924

(1993). "Pattern," on the other hand, is defined as "a reliable sample of traits, acts, or

other observable features characterizing an individual." *Id*. at 1657. Repeated acts are

necessary to discern a pattern. But mere repetition does not necessarily create a pattern.

We therefore agree with Ms. Ramsey that a finding of repeated acts does not necessitate a finding of a pattern.

While it would have been preferable for the trial court to use the word "pattern" instead of "repeated," the record as a whole shows the trial court found a pattern of emotional abuse. After listing Ms. Ramsey's various acts of emotional abuse against P.R., the court found "[Ms.] Ramsey's behaviors and choices, including repeated disparaging comments to and about [P.R.] and Mr. Mancoff, have been the source of distance and estranged relationship between herself and [P.R.]." CP at 2189. This clearly displays the court's determination that Ms. Ramsey's emotional abuse of P.R. followed a pattern that characterized the mother-daughter relationship. Any error by the trial court in utilizing the word "repeated" instead of "pattern" was of no consequence to the trial court's ultimate ruling.

Even if the trial court applied the wrong standard, such error was harmless. This court reverses only where an error prejudices a party. *Driggs v. Howlett*, 193 Wn. App. 875, 903, 371 P.3d 61 (2016). Under RCW 26.09.191(3)(b) and (e), a court may preclude or limit any provisions of a parenting plan if it finds "[a] long-term emotional or physical impairment which interferes with the parent's performance of parenting functions," or

No. 38553-1-III
*In re Marriage of Mancoff & Ramsey*

"[t]he abusive use of conflict by the parent which creates the danger of serious damage to the child's psychological development."

Here, the court found Ms. Ramsey had long-term emotional or physical problems that interfered with the performance of her parenting duties. It also found Ms. Ramsey was engaged in the abusive use of conflict in a way that endangered or damaged P.R.'s psychological development. As Ms. Ramsey does not assign error to these findings, they are verities on appeal. *In re Welfare of A.W.*, 182 Wn.2d 689, 711, 344 P.3d 1186 (2015). As these findings were sufficient to limit Ms. Ramsey's residential time and visitation, any abuse of discretion by the court in applying RCW 26.09.191(2) was harmless.

CONCLUSION

The orders on appeal are affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Huber, J.P.T.

6