IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| KEITH WELCH, an individual, | No. 83427-4-I |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| CHRIS WALDEN, an individual, | |
| Respondent. | |

BOWMAN, J. — Keith Welch appeals the trial court's summary judgment dismissal of his action to quiet title by adverse possession. Because Welch owned the property for all but four of the years he claims to have adversely possessed it, the trial court did not err by dismissing his lawsuit. We affirm.

FACTS

In November 2003, Welch bought property located at 857 Tinas Coma Lane in Burlington. He took title to the property by statutory warranty deed, executed on November 3, 2003 and recorded November 17, 2003. In February 2007, Welch executed a deed of trust, granting GreenPoint Mortgage Funding Inc. a security interest in the property. The Skagit County auditor recorded the deed of trust on February 14, 2007.

On October 14, 2016, Quality Loan Service Corporation of Washington (QLS), acting as trustee, issued a notice of trustee's sale because Welch defaulted on the deed of trust. The Skagit County auditor recorded the notice on

October 18, 2016.  On February 22, 2017, QLS conveyed title of the property to U.S. Bank National Association by a "Trustee's Deed upon Sale."

In 2018, Welch sued QLS, challenging the validity of the trustee's sale. See Welch v. Quality Loan Servs., Inc., No. 79099-4-I, slip op. at 6 (Wash. Ct. App. Dec. 2, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/790994.pdf.  The trial court entered a directed verdict against Welch, and we affirmed the verdict on appeal.[1]  Id., slip op. at 6, 11.

On November 17, 2020, Chris Walden bought the property from U.S. Bank.  He took title by special warranty deed recorded on November 25, 2020. Then, on December 22, 2020, Walden posted a "Notice of Termination and Affidavit" at the property, starting the process to evict Welch, who still lived there.

Welch sued Walden to quiet title by adverse possession on February 22, 2021.  He filed a summary judgment motion the same day.  On June 21, 2021, Walden answered and counterclaimed for an order or ejectment.  He, too, moved for summary judgment.  Walden argued that because Welch was the owner of record between November 2003 and February 2017, Welch could not show 10 years of hostile use of the property.  The trial court granted summary judgment for Walden.

Welch appeals.

---

[1] Welch also sued in federal court, but the district court dismissed the action with prejudice because Welch could plead no "set of facts which would entitle him to relief." Welch v. US Bank Nat'l Ass'n, No. C19-2083MJP, 2020 WL 2114462, at *1, *3 (W.D. Wash. May 4, 2020).

ANALYSIS

Welch argues that the trial court erred by granting summary judgment for Walden on his adverse possession claim. We disagree.

We review rulings on summary judgment de novo, performing the same inquiry as the trial court. Ellis v. City of Seattle, 142 Wn.2d 450, 458, 13 P.3d 1065 (2000). Summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." CR 56(c). We view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. Ellis, 142 Wn.2d at 458. We will grant summary judgment only if, from all the evidence, reasonable persons could reach but one conclusion. Id.

A defendant seeking summary judgment bears the initial burden of showing the absence of an issue of material fact. Herrin v. O'Hern, 168 Wn. App. 305, 309, 275 P.3d 1231 (2012). If the defendant meets this initial showing, the burden shifts to the plaintiff to show that facts support each element essential to their case. Id. If the plaintiff cannot make such a showing, summary judgment is proper. Id. at 309-10. In responding to a summary judgment motion, a plaintiff cannot rely on the allegations made in his pleadings, but must set forth specific facts showing that there is a genuine issue for trial by affidavits or as otherwise provided by CR 56(e). Id. at 310.

To prevail on an adverse possession claim, a claimant must show "10 years of possession that is (1) exclusive, (2) actual and uninterrupted, (3) open and notorious, and (4) hostile." Herrin, 168 Wn. App. at 310-11. The hostility

3

element of adverse possession " 'requires only that the claimant treat the land as his own as against the world throughout the statutory period.' " Id. at 311 (quoting Chaplin v. Sanders, 100 Wn.2d 853, 860-61, 676 P.2d 431 (1984)). "Hostility is not personal animosity or adversarial intent, but instead connotes that the claimant's use has been hostile to the title owner's, in that the claimant's use has been akin to that of an owner." Id.  So, use of the land with the true title owner's permission cannot be hostile.  Id.

Welch sued to quiet title by adverse possession in February 2021.  But Welch held title to the property from November 2003 until February 2017, when QLS sold the property at a trustee's sale.  Welch's possession of the land during that time cannot be hostile because he was the true owner.  So, Welch could not have adversely possessed the property until February 2017—four years before he filed his lawsuit.

Welch argues for the first time on appeal that he adversely possessed the property as of May 2009 because at that time, he sold the land to his son, who built a house there.  Welch offers no cognizable argument about how the purported sale of his property bolsters his adverse possession claim against Walden.  In any event, no evidence in the record supports Welch's belated claim of a 2009 transfer of title to his son.[2]

---

[2] Below, Welch attached the declaration of his son to his summary judgment motion.  But his son testified only that he "help[ed] build my father's home" and that "[s]ometime in May of 2009, I moved into my father's home."  Because no evidence supports Welch's claim that he transferred title to his son, we do not address Welch's arguments that the trial court lacked personal jurisdiction over his son or that tacking on his son's possession with his own satisfied the 10-year hostility requirement.

Finally, Welch argues that the court had no jurisdiction to rule on summary judgment because Walden did not properly serve him with a notice of appearance under RCW 4.28.210. Welch cites no authority that a defendant's failure to serve a plaintiff with a notice of appearance deprives the trial court of jurisdiction. So, we presume he found none. DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) (where a party cites no authority in support of a proposition, we may assume that he found none). Even so, under RCW 4.28.210, a defendant "appears in an action when he or she answers, demurs, makes any application for an order therein, or gives the plaintiff written notice of his or her appearance." Walden answered Welch's complaint on June 21, 2021. Walden's answer amounts to an appearance under RCW 4.28.210.

Walden asks for attorney fees under RCW 7.28.083(3). Under that statute, "[t]he prevailing party in an action asserting title to real property by adverse possession may request the court to award costs and reasonable attorneys' fees," and the court may award such costs if it "determines such an award is equitable and just." RCW 7.28.083(3). Attorney fees under RCW 7.28.083 are available to parties prevailing on appeal. Workman v. Klinkenberg, 6 Wn. App. 2d 291, 308-09, 430 P.3d 716 (2018). We award reasonable attorney fees to Walden as the prevailing party on appeal subject to compliance with RAP 18.1.

Because Welch cannot show he adversely possessed the property for 10 years, we affirm the trial court's order granting summary judgment for Walden.

Brennan, J

WE CONCUR:

Díaz, J.

Birk, J.