IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| AMANDA LYNN WILHELM, | No. 58045-4-II |
| Respondent, | |
| v. | |
| TREVOR SCOTT ALTMAN, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — Trevor S. Altman appeals from a protection order based on sexual assault entered against him. Altman contends that the trial court erred by making a factual finding that he sexually assaulted AW.[1] He further alleges that the court violated the appearance of fairness doctrine and that the protection order is unconstitutionally overbroad. Because we find no error with the order, we affirm.

FACTS

I.    BACKGROUND[2]

AW alleged that she was sexually assaulted by Altman in 2018. The State charged Altman with assault in the second degree with sexual motivation, alleging he intentionally assaulted AW by strangulation or suffocation. Alternatively, the State charged Altman with assault in the third

---

[1] We use AW's initials to protect her privacy as an alleged sexual assault victim.

[2] The facts in this section are taken from *State v. Altman*, 23 Wn. App. 2d 705, 707, 520 P.3d 61 (2022).

degree with sexual motivation for causing bodily harm to AW by means of a weapon or other instrument or thing likely to produce bodily harm. The State also charged Altman with rape in the second degree and unlawful imprisonment with sexual motivation.

The jury found Altman not guilty of rape in the second degree, assault in the second degree by strangulation with sexual motivation, and unlawful imprisonment with sexual motivation. But the jury found Altman guilty of a lesser alternative charge of assault in the third degree for causing bodily harm to AW by means of a weapon or other instrument or thing likely to produce bodily harm. The jury also returned a special verdict that the charge of assault in the third degree was sexually motivated.

On appeal, we held that there was insufficient evidence to support Altman's conviction because the State failed to present sufficient evidence to support the essential element of "a weapon or other instrument or thing likely to produce bodily harm" for assault in the third degree. *State v. Altman*, 23 Wn. App. 2d 705, 712, 520 P.3d 61 (2022). We remanded for the trial court to dismiss the assault in the third degree charge with prejudice.

II.    PROTECTION ORDER

AW then petitioned for a protection order based on sexual assault. At the beginning of the hearing on AW's petition, the trial court noted that AW had her baby with her at the hearing and inquired if there was someone who could help her with the baby. AW responded no, and the hearing proceeded.

AW testified that she met Altman several years prior in a business networking group. They were never in a dating relationship, but she accepted his offer to meet up about business matters. The trial court inquired whether there was sexual contact between the two. AW replied, "Yes." Rep. of Proc. (RP) at 7. The court then asked if she agreed to the contact. AW replied, "No." RP

2

at 7. AW testified that Altman "raped [her] pretty brutally." RP at 7. She stated, "I mean, he had sexual intercourse with me. He forced me to give him oral. He ejaculated on my face and hair. He choked me. He bit my nipples. He caused injuries to my vaginal area." RP at 7.

Altman argued the protection order was unnecessary because he had no intention of contacting AW and because so much time had passed since the alleged incident. He also argued that his conviction was overturned by this court; therefore, he was innocent of any wrongdoing. The trial court reminded Altman that this was a civil matter and that the burden of proof was the lower, preponderance of evidence standard. The court then found that AW met that burden.

The trial court entered a protection order, finding that AW was "subjected . . . to nonconsensual sexual conduct or nonconsensual sexual penetration." Clerk's Papers (CP) at 10. The court also found that Altman represented "a credible threat to the physical safety of [AW]." CP at 11. The court ordered Altman to not come within 1,000 feet of AW or her home, workplace, children, or children's schools. The court ordered that the protection order be in effect until 2099.

Altman appeals.

## ANALYSIS

I.      EVIDENCE IN SUPPORT OF PROTECTION ORDER

Altman first contends that trial court erred in granting AW's petition for a protection order because the facts do not support it. We disagree

We review the trial court's decision to grant or deny a protection order for abuse of discretion. *DeSean v. Sanger*, 2 Wn.3d 329, 334, 536 P.3d 191 (2023). An abuse of discretion occurs when the decision is "'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *Cowan v. Cowan*, 29 Wn. App. 2d 355, 369, 540 P.3d 158 (2023) (quoting *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)), *review denied*, 2 Wn.3d

1020 (2024). We review challenges to a trial court's factual findings for substantial evidence. *In re Marriage of Fahey*, 164 Wn. App. 42, 55, 262 P.3d 128 (2011). "Substantial evidence exists if the record contains evidence of a sufficient quantity to persuade a fair-minded, rational person of the truth of the declared premise." *Id*.

We view the evidence and reasonable inferences in the light most favorable to the party who prevailed below. *Garza v. Perry*, 25 Wn. App. 2d 433, 453, 523 P.3d 822 (2023). We also "defer to the trier of fact on the persuasiveness of the evidence, witness credibility, and conflicting testimony." *Knight v. Knight*, 178 Wn. App. 929, 936-37, 317 P.3d 1068 (2014).

Under RCW 7.105.225(1), "[t]he court shall issue a protection order if it finds by a preponderance of the evidence that the petitioner has proved the required criteria." For sexual assault protection orders, the statute requires "that the petitioner has been subjected to nonconsensual sexual conduct or nonconsensual sexual penetration by the respondent." RCW 7.105.225(1)(b). Sexual conduct is defined as "[a]ny intentional or knowing touching or fondling of the genitals, anus, or breasts, directly or indirectly, including through clothing." RCW 7.105.010(32)(a).

Here, AW reported to police that Altman sexually assaulted her. Charges were filed. A jury found Altman guilty of assault in the third degree with sexual motivation for causing bodily harm to AW by means of a weapon or other instrument or thing likely to produce bodily harm. While the finding that Altman used a weapon was not supported by sufficient evidence, we did not hold that the finding that the contact was based on sexual motivation lacked sufficient evidence.

Additionally, at the hearing on AW's petition for a protection order, the trial court inquired whether there was sexual contact between the two. AW replied, "Yes." RP at 7. The court then asked if she agreed to the contact. AW replied, "No." RP at 7. AW testified that Altman "raped [her] pretty brutally." RP at 7. She stated, "I mean, he had sexual intercourse with me. He forced me to give him oral. He ejaculated on my face and hair. He choked me. He bit my nipples. He caused injuries to my vaginal area." RP at 7.

Viewing this evidence in the light most favorable to AW and giving deference to the trier of fact on the persuasiveness of the evidence, witness credibility, and conflicting testimony, we hold that substantial evidence supports the trial court's finding that AW has been subjected to nonconsensual sexual conduct or nonconsensual sexual penetration by Altman. Therefore, the trial court had a tenable basis to issue the protection order under RCW 7.105.225(1). Accordingly, we hold the trial court did not abuse its discretion in entering the protection order.

II.  APPEARANCE OF FAIRNESS DOCTRINE

Next, Altman contends that the trial court violated the appearance of fairness doctrine. He appears to claim that asking AW questions about her prior interaction with Altman and allowing AW's baby to be present during the hearing showed the court's bias toward AW. We disagree.

The appearance of fairness doctrine seeks to prevent any issues of "a biased or potentially interested judge." *Tatham v. Rogers*, 170 Wn. App. 76, 95, 283 P.3d 583 (2012). Judges are required to disqualify themselves in a proceeding if the judge's impartiality might reasonably be questioned. CJC 2.11(A). "The test for determining whether a judge's impartiality might reasonably be questioned is an objective one that assumes the reasonable person knows and understands all the relevant facts." *In re Estate of Hayes*, 185 Wn. App. 567, 607, 342 P.3d 1161 (2015).

A trial judge is presumed to have acted without bias or prejudice. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 692, 101 P.3d 1 (2004). In order to overcome this presumption, the appellant "must provide specific facts establishing bias." *Id*.

Altman does not point to specific facts showing that AW's baby caused unfair bias in her favor. Additionally, he does not show that questioning AW about the RCW 7.105.225(1) factors in issuing a protection order shows bias. It merely shows the trial court was complying with the statute. Accordingly, we hold that because Altman fails to demonstrate bias, he fails to show a violation of the appearance of fairness doctrine.

III.     CONSTITUTIONALITY OF PROTECTION ORDER

Lastly, Altman appears to contend the protection order is unconstitutionally overbroad because it limits him from the schools where AW's children attend, limits him from various businesses that he may want to frequent but cannot if AW is there, and is effectively a lifetime protection order because it lasts until 2099. But he cites no legal authority to show that these limitations are unconstitutional. When a party cites no authority in support of a proposition, we may assume there is none. *DeHeer v. Seattle Post–Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962). Accordingly, we decline to address this argument further.

CONCLUSION

We affirm the trial court's protection order because a preponderance of the evidence shows AW was subjected to nonconsensual sexual conduct or nonconsensual sexual penetration by Altman, the trial court did not violate the appearance of fairness doctrine, and Altman does not show that the protection order is unconstitutionally overbroad.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Glasgow, J.

_____
Cruser, C.J.