# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Detention of: M.H., | No.  55225-6-II |
| STATE OF WASHINGTON, | |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| M.H., | |
| Appellant | |

PRICE, J. — M.H. appeals the superior court's rulings in a 180-day involuntary commitment proceeding.  M.H. argues that the superior court erred by (1) ruling that he had committed an act constituting a felony because there was not fair notice that assault against an off-duty police officer could constitute third degree assault, and (2) ordering a new trial on the sole issue of whether M.H. had felony charges dismissed based on a finding of incompetence.  We affirm.

FACTS

On July 8, 2020, the State filed a petition for 180 days of involuntary commitment alleging that M.H. had been found incompetent resulting in dismissal of criminal charges, committed acts constituting a felony, and presents a substantial likelihood of repeating similar acts.

Sergeant Steven Timmons of the Aberdeen Police Department testified at the commitment hearing.  Sergeant Timmons testified that on April 25, 2019, he was off-duty, working security for

the Grays Harbor Community Hospital. When working at the hospital, off-duty officers wear their police uniform and maintain official police powers. The officers also obtain prior authorization from the police chief before working hospital security. Officers are authorized to take law enforcement action, including making arrests, if necessary.

While working at the hospital on April 25, Sergeant Timmons had an altercation with M.H. M.H. was at the nurse's station in the emergency room and asked for a drink. The nurse said she would get it and asked M.H. to return to his room. M.H. began cursing at Sergeant Timmons who was in the vicinity. Sergeant Timmons and other hospital staff directed M.H. to return to his room, but M.H. began going in the wrong direction.

M.H. turned toward Sergeant Timmons and began cursing at him again. M.H. "took a swing" at Sergeant Timmons but missed. Clerk's Papers (CP) at 28. Sergeant Timmons took M.H.'s arm to try to direct him back to his room, but M.H. slapped his hand away and attempted to hit Sergeant Timmons again. Sergeant Timmons again directed M.H. back to his room. Sergeant Timmons followed M.H. as he returned to his room, and M.H. attempted to hit him for a third time. Sergeant Timmons secured M.H. in his room for safety purposes. A nurse then placed M.H. in soft restraints. M.H. was arrested and transferred to the city jail.

Dr. Mallory McBride, a clinical psychologist at Western State Hospital (WSH), also testified at the commitment hearing. Dr. McBride testified that M.H. was diagnosed with unspecified schizophrenia spectrum or other psychotic disorder. M.H. exhibits paranoid ideations and delusional beliefs directed toward treatment staff, law enforcement, and government personnel. Dr. McBride testified that M.H. lacked insight into his condition, as well as the ability

to exercise proper judgment. Dr. McBride also explained that M.H. had a very extensive mental health history and was currently on his 18th admission to WSH.

Following the hearing, the superior court found that: (1) M.H. was determined to be incompetent, (2) M.H. committed acts that constituted a third degree assault, (3) felony charges were dismissed, and (4) M.H. presented a substantial likelihood of repeating similar acts. The superior court ordered 180 days of involuntary treatment.

M.H. filed a motion to reconsider under CR 59. M.H. argued that the superior court should reconsider its finding that M.H. committed acts constituting third degree assault. M.H. also argued that the State failed to prove that felony charges were dismissed because M.H. was incompetent.

Shortly after the motion to reconsider was filed, the superior court denied it, in part, on the ground that Sergeant Timmons was performing official duties at the time M.H. assaulted Sergeant Timmons. The superior court, however, set a hearing on the issue of whether the State failed to prove felony charges were dismissed because M.H. was incompetent.

In response to the issue of whether dismissal of charges had been proven, the State argued that it was a procedural issue rather than a sufficiency of the evidence issue. The State also explained that although the dismissal order had not been received in time for the initial hearing, COVID-19 caused a backlog of certified court orders being sent to the superior court and difficulties getting them filed. The use of remote hearings prevented the State from hand-delivering a copy of the certified order directly to the superior court at the initial hearing, and the court clerk would not accept an electronic version. The State, therefore, mailed the certified order to the superior court five days after the initial hearing. When the mailed copy failed to arrive at

the superior court, the State delivered a certified copy to the court prior to the hearing on the motion for reconsideration.

The certified order showed that M.H. was found incompetent to stand trial and a charge of third degree assault was dismissed without prejudice. M.H. was committed for 72 hours for evaluation for civil commitment.

Following the reconsideration hearing, the superior court determined that it was in the interests of justice to grant a retrial on the issue of whether M.H. was found incompetent to stand trial and criminal charges have been dismissed. The superior court ruled,

> Retrial is limited to the issue of whether [M.H.] has been determined to be incompetent and criminal charges have been dismissed pursuant to RCW 10.77.086(4), and has committed acts constituting a felony. The petitioning psychologist's testimony is not required on retrial and the court of retrial may incorporate by reference this [c]ourt's original ruling on [M.H.'s] substantial likelihood of committing similar acts.

CP at 85.

M.H. appeals the trial court's order on reconsideration.[1]

ANALYSIS

Under RCW 71.05.280(3), the superior court may enter an order committing a person for involuntary commitment if the person has committed acts constituting a felony, criminal charges were dismissed because the person was incompetent, and as a result of a behavioral health disorder, presents a substantial likelihood of repeating similar acts.

---

[1] Because M.H. appeals only the trial court's order on reconsideration, any resulting order following retrial is not in the record on appeal.

We review a superior court's decision on a motion under CR 59 for an abuse of discretion. *In re the Recall of Fortney*, 196 Wn.2d 766, 784, 478 P.3d 1061 (2021). However, we review interpretation of court rules de novo. *State v. McEnroe*, 174 Wn.2d 795, 800, 279 P.3d 861 (2012).

I. ACTS CONSTITUTING A FELONY

M.H. argues that the superior court erred by denying his motion to reconsider because there was no evidence that he committed acts constituting a felony. Specifically, M.H. argues that the third degree assault statute has never been interpreted to include acts committed against off-duty police officers. According to M.H., if the statute is interpreted to include an assault against an off-duty officer, like Sergeant Timmons, due process requires that this new interpretation is only applied prospectively. We disagree.

Under RCW 9A.36.031(g), a person commits assault in the third degree if he assaults a law enforcement officer performing his or her official duties at the time of the assault.

The due process clauses of the United States and Washington Constitutions require "fair notice of proscribed criminal conduct and standards to prevent arbitrary enforcement." *State v. Bass*, __ Wn. App. 2d __, 491 P.3d 988, 1004 (2021). "Generally, criminal statutes operate only prospectively to give fair warning that a violation carries specific consequences." *Id.*

M.H. is correct in his assertion that no case has interpreted the language in RCW 9A.36.031(g) to include off-duty law enforcement officers. However, in *State v. Graham*, 130 Wn.2d 711, 717-18, 927 P.2d 227 (1996), our Supreme Court held that an off-duty police officer working as a private security guard can be performing official duties for the purposes of the crime of obstructing a police officer.

5

M.H. argues that *Graham* does not apply here because the underlying alleged crime is different. We disagree. We see no reason to interpret the concept of official duties under third degree assault differently than for the purposes of obstructing a police officer.

Due process requires only fair notice. *Bass*, 491 P.3d at 1004. After *Graham*, people are fairly on notice that a law enforcement officer may be executing official duties while off-duty. Because *Graham* involved an analogous context, the notice provided by the case fairly applies to third degree assault even though the case did not directly interpret RCW 9A.36.031(g). M.H. does not cite to authority providing otherwise. *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.").

Because our Supreme Court interpreted official duties to include off-duty law enforcement officers in 1996, there was fair notice that assaulting an off-duty law enforcement officer would be considered a felony under RCW 9A.36.031(g). Therefore, it was not a due process violation for the superior court to determine that M.H.'s acts against Sergeant Timmons constituted a felony. The superior court did not abuse its discretion by denying M.H.'s motion to reconsider on the grounds that the State failed to prove M.H. committed acts constituting a felony.

II. GRANT OF NEW TRIAL

M.H. also argues that the superior court erred by granting a new trial on the issue of whether felony charges had been dismissed because M.H. was incompetent. Because the State failed to present this evidence at the initial hearing, M.H. argues that the remedy for the resulting

6

insufficient evidence is vacation of the superior court's finding and dismissal, not a retrial under CR 59(a). We disagree.

CR 59(a) provides that "[o]n the motion of the party aggrieved, a verdict may be vacated and *a new trial granted to all or any of the parties, and on all issues, or on some of the issues when such issues are clearly and fairly separable and distinct,* or any other decision or order may be vacated and reconsideration granted." (Emphasis added.)

Here, the superior court acted within its discretion under CR 59(a) by granting a new trial on the discrete issue of whether felony charges had been dismissed based on a finding of incompetence. The issue was clearly and fairly separable and distinct from the issue of whether M.H. was likely to repeat similar acts. The issues are separate and distinct because they rely on different evidence for proof. As the trial court noted, it did not need to hear additional evidence from Sergeant Timmons or Dr. McBride in order to determine whether felony charges were dismissed based on a finding of incompetence. Therefore, the superior court did not abuse its discretion by determining that the issues were separate and distinct.[2]

M.H. also argues that the superior court should not have granted a new trial because it was improper to give the State more time to collect additional evidence. But this reasoning does not apply here. Here, the evidence supporting the dismissal of criminal charges existed before the hearing on the petition for involuntary treatment even began and was not admitted due to an oversight by the State. This oversight was compounded by complications resulting from the

---

[2] M.H. also argues that the superior court's findings of fact and conclusions of law must be vacated, but this argument is misplaced. M.H. did not appeal the trial court's commitment order, and even if he had done so, it would be improper for this court to review the commitment order because the superior court granted a new trial based on M.H.'s motion to reconsider.

No. 55225-6-II

COVID-19 pandemic which made it more difficult to submit certified documents. This is unlike a situation where the State does not possess, and fails to present, sufficient evidence, but the superior court grants the State additional time to investigate and collect evidence. *See* Appellant's Opening Br. at 9-10 (citing *In re the Welfare of D.E.*, 196 Wn.2d 92, 107, 469 P.3d 1163 (2020)). Therefore, the superior court did not abuse its discretion by granting a new trial on the issue of whether felony charges had been dismissed because M.H. was incompetent.

CONCLUSION

We affirm the superior court's denial of reconsideration and grant of a new trial.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

LEE, C.J.

MAXA, J.

8