# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| KITSAP COUNTY, a political subdivision of the State of Washington, | No. 56900-1-II |
| Respondent, | |
| v. | |
| DOMINIC CAMPESE, an individual, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J. – Kitsap County, in response to Dominic Campese's public records request, brought an action for declaratory judgment. The County asked the court to determine whether certain records Campese requested fell under an exemption, absolving the County from its obligation to release the records to Campese. Campese counterclaimed. Prior to the court ruling on any of the claims, the court granted the County's motion to dismiss its suit. Campese then moved for a penalty award under the Public Records Act (PRA)[1] as well as attorney fees and costs under the PRA and RCW 4.84.185. The court concluded that Campese's motion was premature and denied his motion. Campese appeals the denial of his motion.

Campese argues that the trial court erred when it did not conclude Campese was the prevailing party for purposes of RCW 42.56.550(4) after the County dismissed its suit for

---

[1] Chapter 42.56 RCW.

declaratory judgment, and declined to award him a PRA penalty, attorney fees, and costs pursuant to that statute. Campese also argues, as an alternative basis for awarding a PRA penalty, attorney fees and costs, the County violated the PRA when it failed to name similar requesters in its suit. Finally, Campese argues that he was entitled to attorney fees and costs under RCW 4.84.185 because the County's declaratory judgment suit was frivolous.

We conclude that the trial court did not err when it denied Campese's motion for a PRA penalty, attorney fees, and costs. Accordingly, we affirm.

FACTS

A. PRA REQUEST

In March 2020, Campese submitted a public records request for Kitsap County's "*Brady* [l]ist and *Brady* material."[2] Clerk's Papers at 44 (italicization added). The County acknowledged Campese's request, and it provided Campese with records in two initial installments, in August and November respectively. The County also informed Campese it anticipated that another installment would be provided by February 12, 2021.

B. THE COUNTY FILED SUIT, AND CAMPESE COUNTERCLAIMED

Prior to the next installment, the County filed a petition for declaratory judgment, asking the court to determine, "Whether investigative records compiled by the Kitsap County Prosecuting Attorney in compliance with the constitutional requirements of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and Criminal Rule (CrR) 4.7, are exempt from disclosure under the Public Records Act pursuant to RCW 42.56.290 as attorney work-product." *Id.* at 1. Campese was the only respondent listed in the petition, despite the County also noting that it had received "three

---

[2] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

additional public records requests from other requesters for the same records." *Id.* at 3. Campese counterclaimed, arguing, among other things, that the County had the violated the PRA by seeking declaratory judgment on the applicability of an exemption, which Campese contended was tantamount to withholding the records, and by treating him differently than other requesters by allegedly seeking declaratory judgment as to his request only, and not in any other PRA matter involving other requesters who were seeking similar records.

C. VOLUNTARY DISMISSAL

A couple of months after filing the declaratory judgment action the County moved for voluntary dismissal of its suit, explaining that it had waived the work product privilege as to the records that would satisfy Campese's request and that those records had already been provided to Campese. In response to the County's motion, Campese requested an award of a PRA penalty, along with attorney fees and costs under the PRA and RCW 4.84.185 if the court granted the County's motion. The court granted the County's motion for voluntary dismissal. But it reserved ruling on Campese's request, stating, "Those elements of Respondent's counterclaim which are not rendered moot by the parties' settlement and this Order remain pending; [a]ttorney [f]ees and costs are reserved." *Id.* at 174.

Approximately two weeks later, Campese filed a motion for fees, costs, and penalties pursuant to RCW 42.56.550(4) and RCW 4.84.185. Although the motion is not a model of clarity, Campese appears to have argued that the County violated the PRA when it sought declaratory judgment regarding the application of an exemption, and that he was the "prevailing party" in an action under the PRA when the County voluntarily dismissed the suit. *Id.* at 207. Additionally, Campese contended that the County also violated the PRA by naming only him in the suit when

there were other individuals who had made similar requests. Finally, Campese argued that the County's suit for declaratory judgment was frivolous and he was entitled to attorney fees and costs pursuant to RCW 4.84.185.

The County responded that Campese's request was "premature" and that he was not entitled to attorney fees, costs, or a PRA penalty unless he prevailed on his counterclaims alleging that the County violated the PRA. *Id.* at 217. The court concluded that Campese's "motion for fees, costs, and penalties pursuant to RCW 42.56.550(4) and RCW 4.84.185 is premature and therefore denied." *Id.* at 378 (capitalization omitted).

Campese appeals the court's order denying his motion as premature.

## DISCUSSION

Campese contends that he should have been awarded a PRA penalty as well as attorney fees and costs under RCW 42.56.550(4) because he became the prevailing party in an action under the PRA when the County dismissed its own declaratory judgment action and released the records he requested, and the trial court therefore erred in denying his motion.

We conclude that the trial court's denial of Campese's motion was not an abuse of discretion.

A. SCOPE OF THE TRIAL COURT'S RULING

As an initial matter, we note that both parties appear to believe that in denying Campese's motion as premature, the trial court actually ruled on the *merits* of Campese's argument that the County's voluntary dismissal of its declaratory judgment suit rendered Campese the prevailing party in a PRA action for purposes of RCW 42.56.550(4).

Based on the record before us we cannot agree with the parties' assumption. The trial court's order is not particularly detailed or illuminating, and we cannot read words into it that are not there. In light of the fact that Campese's counterclaims (alleging that the County violated the PRA) were still pending, the most logical reading of the order is that the trial court was merely deferring ruling on Campese's request until the case was fully concluded. This reading is bolstered by language in the trial court's earlier order dismissing the County's suit. The language reads, "Those elements of Respondent's counterclaim which are not rendered moot by the parties' settlement and this Order remain pending; [a]ttorney [f]ees and costs are reserved." *Id.* at 174. We cannot accept the parties' invitation to conclude that the trial court ruled on the merits of Campese's underlying argument based on the limited language used in the order denying his motion.

## B. TRIAL COURT DID NOT ABUSE ITS DISCRETION IN DENYING CAMPESE'S MOTION

To the extent Campese also argues that the court abused its discretion in denying his motion as premature, we disagree. Trial courts have broad discretion in managing the cases before it. *State v. Dye*, 178 Wn.2d 541, 547, 309 P.3d 1192 (2013); *see also Woodhead v. Disc. Waterbeds*, *Inc.*, 78 Wn. App. 125, 129, 896 P.2d 66 (1995). A trial court abuses its discretion when the court's decision is exercised on untenable grounds, or for untenable reasons, or is manifestly unreasonable. *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003). A decision based on untenable grounds occurs if the decision rests on facts unsupported by the record, and a decision on untenable reasons is when the courts applies the wrong legal standard. *Id.* A decision is manifestly unreasonable if no other reasonable person would make the same decision. *Id.* Campese cites no case that would support an argument that a trial court abuses its discretion by deferring ruling on attorney fees and

cost requests until a case is fully concluded. Where, as here, "no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none." *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962). Moreover, it is reasonable, from a judicial economy standpoint, to defer a decision on such matters until the conclusion of a case. We find no abuse of discretion.[3]

CONCLUSION

We conclude that the trial court did not abuse its discretion when it denied Campese's motion for a PRA penalty, attorney fees, and costs as being premature at the time of the motion.[4] Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

---

[3] Campese also argues that the court erred when it declined to (1) award a PRA penalty, attorney fees and costs under the PRA when the County violated the PRA by only seeking declaratory judgment in his PRA request, and not any additional requesters who asked for similar records, and (2) award him attorney fees and costs under RCW 4.84.185 because the County's suit was frivolous. However, as we explain above, there is no indication the trial court ruled on the merits of Campese's arguments. We note that the court's decision to not rule on Campese's request for fees and costs under RCW 4.84.185 lends further support to our conclusion that the trial court was simply waiting to rule on all fee, cost, and penalty requests until the conclusion of the case, and not because it made a substantive ruling on the merits of Campese's argument that he became the prevailing party under the PRA when the County voluntarily withdrew its declaratory relief suit.

[4] We express no opinion on the validity of Campese's claims or whether Campese's motion for attorney fees, costs, and a penalty could still be successful below. We note that Mr. Campese withdrew his counterclaims before filing this notice of appeal, but he did not renew his motion at the time he withdrew his counterclaims.

No. 56900-1-II

CRUSER, J.

We concur:

MAXA, J.

GLASGOW C.J.

7