# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59790-0-II |
| Respondent, | |
| v. | |
| KENNETH DWAYNE BOLDEN, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, C.J.—In 1989, Kenneth Bolden pleaded guilty to three counts of first degree robbery. As part of his judgment and sentence, the trial court ordered Bolden to pay restitution. In 2023, Bolden filed two motions requesting post-conviction DNA testing. The trial court denied these motions.

Bolden appeals the superior court's order denying his post-conviction motions requesting DNA testing. Bolden argues that (1) his 1989 guilty plea was not knowing and voluntary because the trial court did not inform him of the restitution amount before he entered the plea and (2) the trial court abused its discretion by denying his request for a "*Brady* order setting forth the Pierce County Prosecutor's disclosure obligations under RCW 10.73.170"[1] because *Brady v. Maryland*,

---

[1] Bolden's brief references RCW 5.70.050, but his motion before the trial court referenced RCW 10.73.170. *Compare* Br. of Appellant at 5, *with* Clerk's Papers at 22. We believe he meant to reference RCW 10.73.170 in his brief.

373 U.S. 83, 83 S. Ct 1194, 10 L. Ed. 2d. 215 (1963), entitles Bolden to post-conviction DNA testing. Clerk's Papers at 22 (capitalization omitted). We affirm.

FACTS

In 1989, Kenneth Bolden pleaded guilty to three counts of first degree robbery. The affidavit for determination of probable cause described the robberies. When the defendant was arrested a short time after the first robbery, he was found carrying a paper bag containing several items belonging to the victim, including her identification card. In three of the four other robberies described in the probable cause affidavit, the victims later identified Bolden in a photo montage. The trial court ordered Bolden to pay restitution as part of his judgment and sentence.

In 2023, Bolden filed two motions requesting post-conviction DNA testing. The first requested DNA testing "pursuant to RCW 10.73.150 and 10.73.170." Clerk's Papers (CP) at 17. In this motion, Bolden contended that "the results of testing evidence would more likely than not demonstrate the defendant's actual innocence," but identified no evidence that should be tested and provided no explanation as to how DNA would exonerate him. *Id.* at 18. Nor did this motion make any of the statements required by RCW 10.73.170(2). The second motion asked the trial court to "enter a *Brady* order setting forth the Pierce County Prosecutor's disclosure obligations under RCW 10.73.170." *Id.* at 22 (capitalization omitted). This motion likewise provided no explanation for how testing any piece of evidence would probably exonerate Bolden. The trial court treated both motions as requests for post-conviction DNA testing. In a single order, the trial court denied both motions on the basis that they did not meet any of the requirements of RCW 10.73.170(2). On appeal, Bolden "seeks review by the designated appellate Court of the[ ] order on defendant's motions requesting post-conviction DNA testing, *Brady* order, Zoom hearing[,]

and appointment of counsel." *Id.* at 24 (capitalization omitted). Bolden only assigns error to the trial court's denial of his motion requesting a "*Brady* order." Br. of Appellant at 1.

ANALYSIS

I. DENIAL OF *BRADY* ORDER

Bolden argues that the trial court abused its discretion by denying his motion requesting a "*Brady* order" that would "[set] forth the Pierce County Prosecutor's disclosure obligations under RCW [10.73.170]." Br. of Appellant at 5. The State contends that we should decline to review this assignment of error because (1) Bolden fails to provide an adequate record for review, (2) he fails to support his arguments with facts and citations to the record, and (3) the trial court did not abuse its discretion by denying Bolden's motions. We conclude that the trial court did not abuse its discretion when it denied Bolden's request for a "*Brady* order" because *Brady*, 373 U.S. 83, is not an independent basis to request post-conviction DNA testing and because Bolden did not meet the statutory requirements to compel post-conviction DNA testing under RCW 10.73.170.

A. *Legal Principles*

Bolden frames his motion to the trial court as a request for a "*Brady* order." As explained by our supreme court in *State v. Mullen*,

> In *Brady*, the United States Supreme Court articulated the government's disclosure obligations in a criminal prosecution: "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. In subsequent years, the Supreme Court expanded the *Brady* rule's reach. Favorable evidence under *Brady* now includes not only exculpatory evidence but also impeachment evidence. *Giglio v. United States*, 405 U.S. 150, 154–55, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972). *Brady* obligations extend not only to evidence requested by the defense but also to favorable evidence not specifically requested by the defense. *United States v. Agurs*, 427 U.S. 97, 110, 96 S. Ct. 2392, 49 L. Ed. 2d 342 (1976). The government must disclose not only the evidence possessed by prosecutors but

3

also evidence possessed by law enforcement as well. *Kyles v. Whitley*, 514 U.S. 419, 437, 115 S. Ct. 1555, 131 L. Ed. 2d 490 (1995).

171 Wn.2d 881, 894, 259 P.3d 158, 165 (2011).

In Washington, discovery in criminal cases is governed by CrR 4.7, which provides,

**(a) Prosecutor's Obligations.**

(1) Except as otherwise provided by protective orders or as to matters not subject to disclosure, the prosecuting attorney shall disclose to the defendant the following material and information within the prosecuting attorney's possession or control no later than the omnibus hearing:

(i) the names and addresses of persons whom the prosecuting attorney intends to call as witnesses at the hearing or trial, together with any written or recorded statements and the substance of any oral statements of such witnesses;

(ii) any written or recorded statements and the substance of any oral statements made by the defendant, or made by a codefendant if the trial is to be a joint one;

(iii) when authorized by the court, those portions of grand jury minutes containing testimony of the defendant, relevant testimony of persons whom the prosecuting attorney intends to call as witnesses at the hearing or trial, and any relevant testimony that has not been transcribed;

(iv) any reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and scientific tests, experiments, or comparisons;

(v) any books, papers, documents, photographs, or tangible objects, which the prosecuting attorney intends to use in the hearing or trial or which were obtained from or belonged to the defendant; and

(vi) any record of prior criminal convictions known to the prosecuting attorney of the defendant and of persons whom the prosecuting attorney intends to call as witnesses at the hearing or trial.

(2) The prosecuting attorney shall disclose to the defendant:

(i) any electronic surveillance, including wiretapping, of the defendant's premises or conversations to which the defendant was a party and any record thereof;

(ii) any expert witnesses whom the prosecuting attorney will call at the hearing or trial, the subject of their testimony, and any reports they have submitted to the prosecuting attorney;

(iii) any information which the prosecuting attorney has indicating entrapment of the defendant.

(3) Except as is otherwise provided as to protective orders, the prosecuting attorney shall disclose to defendant's counsel any material or information within the prosecuting attorney's knowledge which tends to negate defendant's guilt as to the offense charged.

Under CrR 7.5(a), a convicted person may file a motion for a new trial based on, among other reasons, newly discovered evidence or the misconduct of the prosecution. Such a motion must be filed within 10 days after the verdict or decision, or the trial court may extend the time for filing such a motion in its discretion. CrR 7.5(b).

Under CrR 7.8, a convicted person may file a motion for relief from judgment or order based on, among other reasons, newly discovered evidence or any other reason justifying relief from the operation of the judgment. CrR 7.8(b). Such a motion must be filed according to the procedures outlined in CrR 7.8(c).

A person who is currently serving a term of imprisonment for a felony conviction may submit a motion requesting DNA testing to the court that entered the judgment of conviction pursuant to RCW 10.73.170(1). The statute requires that:

(2) The motion shall:
(a) State that:
(i) The court ruled that DNA testing did not meet acceptable scientific standards; or
(ii) DNA testing technology was not sufficiently developed to test the DNA evidence in the case; or
(iii) The DNA testing now requested would be significantly more accurate than prior DNA testing or would provide significant new information;

(b) Explain why DNA evidence is material to the identity of the perpetrator of, or accomplice to, the crime, or to sentence enhancement; and
(c) Comply with all other procedural requirements established by court rule.
(3) The court shall grant a motion requesting DNA testing under this section if such motion is in the form required by subsection (2) of this section, and the convicted person has shown the likelihood that the DNA evidence would demonstrate innocence on a more probable than not basis.

RCW 10.73.170.

We review the trial court's denial of a motion requesting DNA testing for abuse of discretion. *State v. Riofta*, 166 Wn.2d 358, 370, 209 P.3d 467 (2009). A trial court abuses its discretion if the court's " 'decision is manifestly unreasonable, or is exercised on untenable grounds, or for untenable reasons.' " *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003) (quoting *State v. Blackwell*, 120 Wn.2d 822, 830, 845 P.2d 1017 (1993)). A decision is manifestly unreasonable if no other reasonable person would make the same decision. *Id.* A decision based on untenable grounds occurs if the decision rests on facts unsupported by the record, and a decision is based on untenable reasons when the court applies the wrong legal standard. *Id.*

B. *Analysis*

As we note, Bolden filed a motion that he titled "Motion Requesting *Brady* Order." CP at 22 (capitalization omitted). There is no such specific post-conviction motion in Washington. If, by his motion, Bolden was seeking discovery under CrR 4.7, pretrial discovery was completed in this case. If, on the other hand, Bolden was purporting to seek a new trial based on newly discovered evidence under CrR 7.5(a)(3), Bolden neither indicated that nor followed the procedure for filing such a motion outlined in CrR 7.5(b). If Bolden was seeking to have his judgment vacated under CrR 7.8, he, again, did not alert the trial court to that fact or follow the procedures for filing such a motion outlined in CrR 7.8(c).

6

Instead, it is clear from the language used in Bolden's motion that he actually sought post-conviction DNA testing without having to satisfy the requirements of RCW 10.73.071. Bolden asks us to treat *Brady* as an independent basis to compel post-conviction DNA testing, but he cites no authority for this proposition.[2] The State does not have a continuing obligation to conduct discovery after the defendant has entered a plea. *See* CrR 4.7. If Bolden believed that DNA evidence he did not have at the time of his conviction would exonerate him, the proper course of action would be to petition the superior court for post-conviction relief through a recognized post-conviction motion, or request post-conviction DNA testing under RCW 10.73.170.

Here, Bolden requested post-conviction DNA testing under RCW 10.73.170 and a "[*Brady* order]" under the same authority. CP at 17, 22. The trial court correctly treated Bolden's motion requesting a "*Brady* order" as a repackaged version of his request for post-conviction DNA testing under RCW 10.73.170. And the trial court correctly denied both motions because Bolden failed to make the required statutory showings. Bolden's motions did not allege any of the procedural circumstances required by RCW 10.73.170(2)(a), nor did they "[e]xplain why DNA evidence is material to the identity of the perpetrator" or show the "likelihood that the DNA evidence would demonstrate innocence on a more probable than not basis." RCW 10.73.170(2)(b), (3). In fact, Bolden did not identify, here or at the trial court, a single piece of potentially exonerating evidence that could be in the State's possession. Bolden's attempt to escape the requirements of RCW 10.73.170 by repackaging his request as a Motion Requesting *Brady* Order is unavailing. We

---

[2] Where, as here, "no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none." *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962).

conclude that the trial court did not abuse its discretion when it denied Bolden's request for a "*Brady* order" compelling post-conviction DNA testing.

## II. INVOLUNTARY PLEA

Bolden argues that his plea was not knowing and voluntary because the trial court failed to inform him of the restitution amount prior to entering the plea agreement. The State contends that this assignment of error is outside of the scope of review. We agree with the State.

Generally, we review the decision designated in the notice of appeal. RAP 2.4(a). We will review a trial court order not designated in the notice of appeal if the order prejudicially affects the decision designated in the notice and the order was entered before we accept review. RAP 2.4(b). Here, Bolden appealed the trial court's 2023 order denying his motion to compel DNA testing. The initial plea agreement is not designated in the notice of appeal. Bolden makes no argument explaining how his initial plea agreement prejudicially affects the trial court's decision regarding his motions for post-conviction DNA testing. Accordingly, Bolden's argument related to the voluntariness of his plea is outside of the scope of his appeal and we do not address it further.

## CONCLUSION

We conclude that the trial court did not abuse its discretion when it denied Bolden's motion for a "*Brady* order." Further, we decline to consider Bolden's argument related to his plea agreement because his plea is outside of the scope of appeal. We affirm the superior court's order denying Bolden's motion for post-conviction DNA testing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

No. 59790-0-II

CRUSER, C.J.

We concur:

GLASGOW, J.

PRICE, J.