IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JESSIE NOE TRUDEAU,<br><br>    Respondent,<br><br>  v.<br><br>SHANNA SIMS,<br><br>    Appellant. | No. 88873-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DíAZ, J. — Shanna Sims appeals the entry of a protection order against her, which was filed by her neighbor, Jessie Trudeau. Because Sims fails to establish an abuse of discretion or otherwise identify legal error, we affirm.

## I.  BACKGROUND

In June 2025, Trudeau filed a petition for a protection order, alleging that Sims was "filming" or "monitoring" him while he was on his property; seeking him out in public to film him; and constantly "calling the cops with false accusations." Specifically, in a letter attached to the petition, Trudeau alleged Sims had been targeting him and harassing him repeatedly since 2021. Among other actions, he claimed she had filmed and taken photographs of him and his house, and had directed the police, fire department, and their shared homeowners' association to investigate him for complaints about his use of his property which were largely, if

not entirely meritless. He also stated that he was being prescribed medication from a doctor for stress and anxiety related to this behavior.

In support of the petition, Trudeau submitted other evidence to the court which included: a letter from a neighbor corroborating his account about Sims' pattern of behavior; a police incident report which mentions Sims' repeated calls; and many email complaints she had sent which included photos and videos she had taken.

Sims filed a declaration in response, denying the allegations and accusing Trudeau of targeting and harassing her. She countered that her grievances had been valid and supported them with various photographs. She also attached further exhibits with additional photos to document her version of events.

After a hearing where the parties testified without representation by counsel, a superior court commissioner issued a protection order restraining Sims from having any contact with Trudeau for five years, through July of 2030. It entered the following findings:

> Both parties testified and both are credible. [Trudeau] met his burden of proof. [Sims] is engaging in a knowing and willful course of conduct by taking photos and videos of [Trudeau].

The same commissioner subsequently denied Sims' motion for reconsideration.[1]

---

[1] Thereafter, the record indicates that Sims filed a revision motion, which Trudeau responded to in several letters to the court. However, the clerk's papers do not include any decision on those filings. As a consequence, we review the protection order and denial of reconsideration, but Sims has forfeited any claims concerning her request for revision by failing to provide this court with any resulting order. See Tacoma S. Hosp., LLC v. Nat'l Gen. Ins. Co., 19 Wn. App. 2d 210, 220, 494 P.3d 450 (2021) (holding that an appellant bears the burden of perfecting the record on appeal to ensure we are apprised of all necessary evidence to decide the issues.)

Sims appeals.[2]

## II.    ANALYSIS

As she did before the trial court, Sims represents herself on appeal.  We note as a preliminary matter, that we "hold pro se litigants to the same standards as attorneys."  In re Vulnerable Adult Pet. for Winter, 12 Wn. App. 2d 815, 844, 460 P.3d 667 (2020).

Sims claims that her constitutional right to free speech was violated; that the court did not properly evaluate the evidence before it; and that the court erred by failing to review certain video evidence.[3]

We review the decision to grant or deny a petition for a protection order for an abuse of discretion.  Maldonado v. Maldonado, 197 Wn. App. 779, 789, 391 P.3d 546 (2017).  We only find such an abuse if a decision was exercised on untenable grounds or for untenable reasons, or if it was reached by applying the wrong legal standard.  Id.  Furthermore, where an appellant challenges the factual support for a court's conclusions, we limit our review to determining whether there is "substantial evidence" for its findings to support its legal conclusions.  Graser v.

---

[2] Under another cause number, the commissioner separately declined to issue a petition for a protection order which Sims requested to restrain Trudeau; we address her challenge to that denial in a related appeal, in which she raises similar arguments.  See Sims v. Trudeau, No. 88866-8-I (Wash. Ct. App.).

[3] We address these claims to the extent that Sims provides related argument in her opening brief which is supported by citation to pertinent legal authority and the record.  See RAP 10.3(a)(6) (appellate briefing must include argument in support of assignments of error, together with citations to legal authority and relevant citations to the record).  Otherwise, we do not reach her other assigned errors and facial assertions which lack references to the record, meaningful analysis, or citation to governing authority.  See Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

Olsen, 28 Wn. App. 2d 933, 941, 542 P.3d 1013 (2023).

"Substantial evidence" is evidence sufficient to persuade a fair-minded, rational person that the finding is true. Id. Importantly, when engaging in this review, we defer to the trial court's determinations on the persuasiveness of the evidence, witness credibility, and conflicting testimony. Id. at 941-42.

The civil protection order statute provides that "[t]he court shall issue a protection order if it finds by a preponderance of the evidence that the petitioner has proved . . . that the petitioner has been subjected to unlawful harassment by the respondent." RCW 7.105.225(1)(f). "'Unlawful harassment' means . . . [a] knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, harasses, or is detrimental to such person, and that serves no legitimate or lawful purpose." RCW 7.105.010(37)(a). A "[c]ourse of conduct" is "a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose." RCW 7.105.010(7)(a). And it must be one which would "cause a reasonable person to suffer substantial emotional distress." RCW 7.105.010(37)(a).

A.    Email Evidence

Sims challenges the court's consideration of her e-mail correspondence with the HOA and claims that the use of such evidence to support Trudeau's petition violated her constitutional right to free speech. However, her various assertions reflect a misunderstanding of this constitutional right. For one thing, the First and Fourteenth Amendments safeguard the freedom of speech only with respect to state actions that burden speech. See Southcenter Joint Venture v.

Nat'l Democratic Pol'y Comm., 113 Wn.2d 413, 420, 780 P.2d 1282 (1989); U.S. CONST. amend I & XIV. Sims fails to explain how the consideration of e-mail correspondence, submitted by both parties to substantiate their respective versions of the facts, infringed on her right to communicate with the HOA or general right to free speech. Nor does she explain how the court's order—which prohibits contacting, stalking or physically coming within 10 feet of Trudeau's person, residence, or workplace—prevents her from voicing concerns to the HOA or others.

Further, to the extent she is arguing the commissioner's order was improper because it was based solely on her exercise of speech, such a claim is unavailing. Washington law has clarified that antiharassment protection orders which are focused on a person's behavior rather than the message of their speech do not infringe on constitutionally protected activity. See Trummel v. Mitchell, 156 Wn.2d 653, 667-68, 131 P.3d 305 (2006). Here, the commissioner specified it was imposing the order because it found Sims engaged in "a knowing and willful course of conduct by taking photos and videos[.]"

Otherwise, Sims' constitutional arguments which cite to "true threat" doctrine are misplaced. As she was neither charged with nor convicted of any crime, it is of no consequence that the court did not apply federal precedent limiting criminal prosecutions to threatening speech. Id; see Counterman v. Colorado, 600 U.S. 66, 69, 143 S. Ct. 2106 (2023) (holding that where the State criminally prosecutes a defendant for making a threat, it must prove, at a minimum, the defendant made the threat recklessly). Thus, this claim fails.

B.      Grant of Protection Order

Sims next argues that the superior court commissioner erred in granting the protection order because Trudeau "did not provide factual evidence to support his claims." In addition, Sims asserts that the court failed to review the evidence for "inconsistencies" and relied on "false evidence" presented by Trudeau in imposing the protection order. These claims fail for several reasons.

First, Sims relies on her own subjective interpretation of the evidence and fails to appreciate that we may not reweigh the persuasiveness of the evidence or the resolution of conflicting evidence. See Snyder v. Haynes, 152 Wn. App. 774, 779, 217 P.3d 787 (2009).

Second, the record shows that the commissioner considered Sims' own responsive materials along with many pieces of supporting documentation attached to Trudeau's petition, including photos Sims took, police reports, and accounts from third parties. Therefore, viewed under the applicable deferential standard, she does not establish that the court reached a conclusion which was not supported by substantial evidence. Graser, 28 Wn. App. 2d at 941. Likewise, then, she fails to show it abused its discretion by concluding Trudeau met his burden of proof under chapter 7.105 RCW by a preponderance. Maldonado, 197 Wn. App. at 789.

Finally, Sims has not provided this court with a verbatim report of proceedings. Without it, we cannot review the evidentiary hearing transcript to know which specific arguments and facts were presented to the commissioner before they made their ruling. Yet, as the appellant, Sims bears the burden to

perfect the record on appeal so that we have complete information and all evidence relevant to the issues she raises. See RAP 9.2(b); Yorkston v. Whatcom County, 11 Wn. App. 2d 815, 824, 461 P.3d 392 (2020). Thus, her failure to perfect the record also renders us unable to fairly evaluate her contention that the commissioner's determination was unsupported. Id. And, thus, this claim fails.

C.     Video Evidence

Sims also claims the court erred by excluding video evidence she wanted it to consider among her materials. As relevant here, the commissioner's order which denied her motion for reconsideration included a brief explanation why it did not play this evidence and did not consider it with her motion. It stated that, although Sims had received instructions about what procedures were required, she had not brought a device to play her recording at the hearing, and there was no proof she had provided it to Trudeau beforehand. Thus, instead, the commissioner relied on photos from the submissions.

Civil protection order hearings are "special proceedings" during which conflicting civil rules and rules of evidence do not apply. RCW 7.105.200(1), (8). The court has discretion to "evaluate the needs and procedures best suited to individual hearings based on consideration of the totality of the circumstances." RCW 7.105.200(1). When conducting a hearing, the superior court may consider "information provided in the sworn petition, live testimony of the parties should they choose to testify, and any additional sworn declarations." RCW 7.105.200(5).

Sims cites no case for the proposition the court was required to consider video evidence to rule on the petition, and we are not required to search for one.

See DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962). Moreover, the record does not reveal what evidence, if any, Sims sent to Trudeau to substantiate her claims. To the contrary, the proof of service documents in this record are dated from the month following the July hearing. And again, we have no transcript of the hearing to further evaluate the commissioner's exercise of discretion. Yorkston, 11 Wn. App. 2d at 824. For these reasons, this claim fails as well.

III.    CONCLUSION

We affirm.

Díaz, J.

WE CONCUR:

Birk, J.

Feldman, J.